# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANTHONY MITCHELL,                )
                                 )
     Petitioner,                )
                                 )
v.                               )          CV417-253
                                 )
VANCE LAUGHLIN, Warden,          )
                                 )
     Respondent.                )

## REPORT AND RECOMMENDATION

In May 1996, Anthony Mitchell pled guilty to multiple counts of murder, burglary, armed robbery, and possession of a firearm as a felon and he was sentenced to life in prison. Doc. 4 at 1; doc. 4-1 at 1. Though he did not appeal his conviction, he moved to withdraw his guilty plea nearly two decades later in November 2013. Doc. 4-1 at 1. That motion, as well as a motion construed as an out-of-time appeal, was denied a month later by the state court. *Id.* His subsequent January 2015 petition for state habeas relief was summarily denied as untimely, having been filed "more than six years past the statutory deadline." *Id.* at 2 (explaining that his conviction was "final" when O.C.G.A. § 9-14-42(c) went into effect July 1, 2004, giving him until July 1, 2008 to file a timely habeas petition). In September 2017, the Supreme Court of Georgia

denied his application for a certificate of probable cause to appeal that dismissal. *Id.* at 4. He now petitions this Court for 28 U.S.C. § 2254 relief, contending that his petition is indeed timely. Doc. 4 at 13-14. It is not.

Because he was sentenced after the passing of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (which was effective as of April 24, 1996), Mitchell had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Here, as clearly set forth by the state habeas court, no such appeal or collateral review proceeding exists.

Sitting on any claim and creating time gaps between proceedings

---

[1]   That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

can be fatal.  *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.  And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

Mitchell's conviction became "final" either at the time of his completion of the direct review process or when the time for seeking such review became final.  28 U.S.C. § 2244(d)(1)(A); *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000).  Judgment was entered in the Chatham County Superior Court on May 24, 1996, and Mitchell did not file a direct appeal.  Doc. 4 at 1.  Thus, his conviction became final on or about June 24, 1996.[2]  O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").  Mitchell thus had one year from the date his conviction became

---

[2]   Thirty days later would have been a Sunday, June 23rd.  Mitchell's deadline to appeal would thus have expired on the first business day thereafter, Monday the 24th.

final -- until June 24, 1997 -- to file a timely federal habeas petition or toll the limitations period by seeking state collateral relief.  28 U.S.C. § 2244(d)(1)-(2); *Rich*, 512 F. App'x at 982-83.  His state habeas petition, filed in 2015, came *decades* too late.  It thus had no tolling effect, since no time remained on his § 2254 clock.  *Webster*, 199 F.3d at 1259.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar.").  "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Aureoles*, 609 F. App'x at 624; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Mitchell, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing.  At most, he explains that he was denied a hearing on his "federal due process" claims because the state court never reached the merits on his untimely

4

petition. Doc. 4 at 2. But that does not mitigate Mitchell's failure to timely file his petition for federal habeas relief.

There is simply no indication petitioner has diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court.[3] *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624. Accordingly, Anthony Mitchell's § 2254 petition is untimely and should be **DENIED**.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

---

[3]   The Court notes that Mitchell's 2015 state habeas petition was denied as untimely under O.C.G.A. § 9-14-42. Mitchell's convictions and sentences became "final" for the purposes of filing a *state* habeas petition four years after the 2004 statute went into effect. Though he does not raise the argument, to the extent Mitchell thinks that his untimely-filed state petition (which was decided based on a state-created statute of limitations) somehow affects the federal statute of limitations, he is wrong. A state petition filed after the *federal* statute of limitations has expired does not toll the federal deadline. *Scarlett v. Sec'y, Dep't of Corr.*, 404 F. App'x 394, 300 (11th Cir. 2010); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this ___3rd___ day of

May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA